[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12750
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-14010-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSNEL JENICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 9, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Osnel Jenice appeals his sentence of 41 months of imprisonment following his plea of guilty to reentering the United States unlawfully after deportation. See 8 U.S.C. § 1326(a), (b)(2). Jenice argues that his sentence is procedurally unreasonable because the district court failed to discuss any of the specific statutory sentencing factors and misstated that it was considering the factors "as set forth in Title 18 United States Code, Section 3554(a)." We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. United States v. Overstreet, 713 F.3d 627, 636 (11th Cir. 2013). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). The government argues that we should review only for plain error because Jenice did not object to his sentence, but we need not address that argument because, whether we review for abuse of discretion or for plain error, our decision is the same.

The district court committed no reversible error. The district court stated that it "considered the statements of all parties, the presentence investigation report which contains the advisory guidelines and the statutory factors. . . ." That statement established that the district court considered the nature and

2

circumstances of Jenice's offense, his criminal history, the need for deterrence, and the change in his circumstances from a life "trouble[d] with drugs" to a life devoted to his church and his community.  See 18 U.S.C. § 3553(a); see also United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).  A slip of the tongue by the district court that it considered section 3554, which has no subsection (a) and concerns orders of forfeiture, instead of section 3553(a), which concerns the factors to be considered in imposing a sentence, does not make Jenice's sentence procedurally unreasonable.  The district court correctly determined that Jenice had an advisory guidelines range of 41 to 51 months of imprisonment, and Jenice requested and received "a sentence at the low end" of that range.  As Jenice admitted at his sentencing hearing, a sentence of 41 months of imprisonment is "more than adequate to serve the purposes of 3553."

 We **AFFIRM** Jenice's sentence.